UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry Lewis Dedrick, | ) | C/A No. 9:14-410-JMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden Cruz, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, Jerry Lewis Dedrick, filed this action *pro se* seeking habeas relief. He brings his "Application for Writ of Habeas Corpus" ("Petition") pursuant to 28 U.S.C. § 2241.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings in the United States District Court,[1] the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing



---

[1] *See* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254).

a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975). However, even when considered under this less stringent standard, the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## Discussion

Petitioner is serving a sentence of two hundred ninety-two (292) months imprisonment and a five (5)-year term of supervised release for the offense of aiding and abetting to distribute more than fifty (50) grams of cocaine base (crack). ECF No. 1 at 1. In his Petition, he argues that a 1987 state-court conviction for possession of cocaine, for which he received a sentence of less than one year, cannot serve as a predicate offense to sentence him as a career offender. Therefore, Petitioner requests that his sentence be vacated and the case remanded for resentencing. ECF No. 1 at 1-2. Additionally, he may be attempting to argue that his sentence is void pursuant to the United States Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005).

This action is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (*citing In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

2

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen*, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Here, although Petitioner's sentence was affirmed by the Fifth Circuit and a subsequent motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was denied; *see Dedrick v. United States*, No. 1:07cv971, 2008 WL 90226 (E.D. Tex. Jan. 9, 2008);[2] "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n. 5.

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the **substantive law** changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)(emphasis added). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an

---

[2]Federal Courts may take judicial notice of prior proceedings in other courts of record. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).



3

individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." *Id.* at 333 n. 3.

Petitioner has not alleged that the conduct for which he was convicted has been deemed non-criminal by an substantive law change. Rather, Petitioner argues that the sentencing court improperly enhanced his sentence as a career offender based on the 1987 predicate offense when that conviction cannot serve as a predicate offense because he received less than a year's sentence for his conviction on a state court charge of possession of cocaine. He also may be attempting to assert that he is "actually innocent" of the sentence enhancement. However, the United States Court of Appeals for the Fourth Circuit has not extended the reach of the savings clause to petitions which challenge only a sentence. *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to sentencing factor is not cognizable under § 2241); *see also Whiteside v. United States*, No. 13-7152, 2014 WL 1364019, at *27 n.4 (4th Cir. Apr. 8, 2014)(noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit). Accordingly, to the extent Petitioner seeks is seeking a determination that his sentence is illegal, he fails to state a cognizable § 2241 claim. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010)(holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").[3]

---

[3]Petitioner writes that he is "actually innocent of the 1987 prior conviction" (ECF No. 1 at 2), but fails to allege any facts to support such an allegation. He has not alleged that he did not commit this crime, just that he received a sentence of less than a year imprisonment.



4

Petitioner also appears to claim that any sentence associated with the United States Sentencing Guidelines is void pursuant to *Booker*. However, under Fourth Circuit law, *Booker* is not applied retroactively to cases on collateral review and does not void the Petitioner's sentence in this case. *See United States v. Morris*, 429 F.3d 65, 71 (4th Cir. 2005).

Finally, Petitioner submitted a memorandum in support of his Petition in which he appears to also argue that he is being subjected to double jeopardy because he was sentenced to a term of supervised release. To the extent Petitioner has intended to include this as a separate claim in his Petition, the Double Jeopardy Clause, which ensures "total punishment [does] not exceed that authorized by the legislature," *United States v. Bowe*, 309 F.3d 234, 238 (4th Cir. 2002), is inapplicable to a sentence that includes a period of supervised release authorized by statute. *See* 18 U.S.C. § 3583(a)("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment..."); *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir.1996)(supervised release is statutorily enacted as part of the allowable federal sentence); *see also United States v. Reyes*, 283 F.3d 446, 461 (2d Cir. 2002) ("[F]ederal supervised release, ... in contrast to probation, is meted out in addition to, not in lieu of, incarceration" (internal quotation marks omitted)). Therefore this claim is without merit.[4]

---

[4]To the extent Petitioner instead is attempting to assert that the Bureau of Prisons is not executing this part of his sentence correctly, he has failed to allege that he exhausted his available administrative remedies prior to filing his Petition. A petitioner is required to exhaust his administrative remedies with the Bureau of Prisons regarding a manner-of-execution-of-sentence claim under § 2241. *See Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (same); 28 C.F.R. §§ 542.10–542.16.

5

## RECOMMENDATION

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.

Bristow Marchant
United States Magistrate Judge

May 20, 2014
Charleston, South Carolina

***The Petitioner's attention is directed to the important NOTICE on the next page.***

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7

